Ted Graham and Vivian F. Graham v. Commissioner.
Graham v. Commissioner
Docket No. 95282.
United States Tax Court
T.C. Memo 1964-67; 1964 Tax Ct. Memo LEXIS 271; 23 T.C.M. (CCH) 452; T.C.M. (RIA) 64067; March 13, 1964
*271 Ted Graham, pro se, 3003 Beachwood Place, Las Vegas, Nev., Edward M. Fox for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency in petitioners' income tax for the year 1959 in the amount of $907.69. The sole issue is whether respondent erred in disallowing business expense deductions in excess of $2,788.55. Findings of Fact Petitioners are husband and wife who reside at 1294 East Portals, Fresno, California. Petitioners filed their 1959 joint income tax return with the district director of internal revenue for the district of Reno, Nevada. During the year 1959, Ted Graham (hereinafter sometimes referred to as petitioner) earned his livelihood as a musician. Prior to May 1959, he had worked at various employments as a musician in and around Las Vegas, Nevada. In the latter part of May 1959, petitioner commenced employment with the Pleasure Island Amusement Park in Wakefield, Massachusetts. Under the terms of his employment agreement, he was to arrange for, and supervise, musical entertainment at the Park. Under the terms of his employment agreement with the Pleasure Island Amusement Park, petitioner *272 was to receive $250 per week. His employment at the park lasted approximately 20 to 21 weeks. On their joint income tax return for 1959, petitioners reported that Ted Graham had conducted the business activity of musical contracting and promoting phonograph records at the Pleasure Island Amusement Park in Wakefield, Massachusetts. Petitioners' return showed gross receipts from said business in the amount of $5,324.24. Total business expense deductions claimed by petitioners on Schedule C of their 1959 return amounted to $5,466.79, resulting in a reported net loss from the operation of said business of $142.55. Respondent determined that $2,678.24 of the expense deductions claimed on Schedule C were not allowable deductions for the reasons that petitioners could not substantiate the actual expenditures claimed or could not show that said expenditures, if substantiated, were ordinary and necessary business expenses. The expenses claimed by petitioners on Schedule C, the amounts thereof allowed by respondent, and the amounts thereof disallowed were as follows: Item
Claimed
Allowed
Disallowed
Salaries and wages
$ 937.90
$ 86.00
$ 851.90
Rent
300.00
200.00
100.00
Depreciation
125.00
25.00
100.00
Telephone
292.80
236.04
56.76
Piano rent
30.00
30.00
Professional clothes
150.00
150.00
Music sheets, etc.
105.26
35.26
70.00
Airplane tickets
750.20
427.36
322.84
Rent-a-car system
172.50
152.90
19.60
Hotel room
645.75
548.90
96.85
Meals and tips
715.76
715.76
Promotion and Entertainment
1,015.72
232.98
782.74
Miscellaneous
225.00
97.45
127.55
Arithmetical error
.90
.90
Total
$5,466.79
$2,788.55
$2,678.24
*273 Petitioners maintained no formal set of books and records for the year 1959. Their only records of business expenses consisted of various receipts and cancelled checks. Petitioners' income tax return for 1959 was preparet by S. E. Katopothis. After the first of April 1960, Ted Graham showed his various receipts and cancelled checks to Katopothis and explained to him his "itinerary" for the year. Based on this information, Katopothis prepared a work sheet indicating the petitioners' tax position for the year 1959. This work sheet was shown to petitioners. Petitioners then, at Katopothis' suggestion, signed a blank income tax return. Subsequently around the fifteenth of April 1960, Katopothis completed the previously signed tax return and filed it with the district director's office in Reno, Nevada. Petitioners' records of deductible expenses for 1959 are inadequate. Petitioners itemized personal deductions for the year 1959 do not exceed $651.57. The amount of business expenses deductible as Schedule C of petitioners' 1959 income tax return does not exceed $2,788.55. The amount of petitioners' personal itemized deductions for 1959 does not exceed 10 percent of their adjusted *274 gross income or $1,000, whichever is lesser. Opinion While respondent disallowed certain itemized deductions of petitioners, no error was assigned to the disallowance by the petition. Accordingly, these items are not at issue. At the trial, petitioner Ted Graham sought to overcome the absence of substantiation by his oral testimony that the expenses claimed had in fact been incurred. After careful examination of his evidence, it is plain that he has failed to establish that he is entitled to any deductions in excess of those allowed by respondent. Decision will be entered for the respondent.